Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

JOSE SANCHEZ LARA, *individually and on behalf of others similarly situated,*

*Plaintiff*,

-against-

900 8TH DELI CORP. (D/B/A CASCADE CAFE), GRAB N GO N CONVENIENCE INCORPORATED (D/B/A GRAB & GO DELI), and HAITHAM ALDAFARI,

*Defendants.*

-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**
**ECF Case**

Plaintiff Jose Sanchez Lara ("Plaintiff Sanchez" or "Mr. Sanchez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 900 8th Deli Corp. (d/b/a Cascade Cafe), Grab N Go N Convenience Incorporated (d/b/a Grab & Go Deli) ("Defendant Corporations"), and Haitham Aldafari ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Sanchez is a former employee of Defendants 900 8th Deli Corp. (d/b/a Cascade Cafe), Grab N Go N Convenience Incorporated (d/b/a Grab & Go Deli), and Haitham Aldafari.

2. Defendants own, operate, or control an American deli/diner, located at 900 8th Avenue, New York, NY 10019 under the name "Cascade Cafe" and a grab & go deli located at 1656 Broadway, New York, NY 10019 under the name "Grab & Go Deli".

3. Upon information and belief, Individual Defendant Haitham Aldafari, serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the deli/diner and the grab & go deli as a joint or unified enterprise.

4. Plaintiff Sanchez was an employee of Defendants.

5. Plaintiff Sanchez was employed as a cook at the deli/diner located at 900 8th Avenue, New York, NY 10019 and at the grab & go deli located at 1656 Broadway, New York, NY 10019.

6. At all times relevant to this Complaint, Plaintiff Sanchez worked for Defendants in excess of 40 hours per week, without appropriate spread of hours pay and overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Sanchez appropriately for any hours worked over 40 in a week.

8. Defendants' conduct extended beyond Plaintiff Sanchez to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Sanchez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS.. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Sanchez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Sanchez's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American deli/diner and a Grab n Go deli located in this district. Further, Plaintiff Sanchez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14. Plaintiff Jose Sanchez Lara ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in Bronx County, New York.

15. Plaintiff Sanchez was employed by Defendants at Grab & Go Deli from approximately December 2023 until on or about February 2025 and at Cascade Cafe from approximately March 1, 2025 until on or about September 16, 2026.

16. Plaintiff Sanchez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operate, or control an American deli/diner, located at 900 8th Avenue, New York, NY 10019 under the name "Cascade Cafe" and a grab & go deli located at 1656 Broadway, New York, NY 10019 under the name "Grab & Go Deli".

18. Upon information and belief, 900 8th Deli Corp. (d/b/a Cascade Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 900 8th Avenue, New York, NY 10019.

19. Upon information and belief, Grab N Go N Convenience Incorporated (d/b/a Grab & Go Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1656 Broadway, New York, NY 10019.

20. Defendant Haitham Aldafari is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Haitham Aldafari is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Haitham Aldafari possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21. Defendants operate an American deli/diner and a grab & go deli located in the Theater District of Manhattan in New York City.

22. Individual Defendant, Haitham Aldafari, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Sanchez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sanchez, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Sanchez (and all similarly situated employees) and are Plaintiff Sanchez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Sanchez and/or similarly situated individuals.

27. Upon information and belief, Individual Defendant Haitham Aldafari operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed corporations,

f) intermingling assets and debts of his own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Sanchez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Sanchez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Sanchez's services.

29. In each year from 2023 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli/diner and the grab & go deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Sanchez is a former employee of Defendants who was employed as a cook.

32. Plaintiff Sanchez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Sanchez Lara*

33. Plaintiff Sanchez was employed by Defendants at Grab & Go Deli from approximately December 2023 until on or about February 2025 and at Cascade Cafe from approximately March 1, 2025 until on or about September 16, 2026.

34. Defendants employed Plaintiff Sanchez as a cook.

35. Plaintiff Sanchez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36. Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

37. From approximately December 2023 until on or about February 2024, Plaintiff Sanchez worked at Grab & Go Deli from approximately 4:00 p.m. until on or about 12:00 a.m. Mondays through Saturdays (typically 48 hours per week).

38. From approximately March 2024 until on or about February 2025, Plaintiff Sanchez worked at Grab & Go Deli from approximately 6:00 a.m. until on or about 4:00 p.m., Mondays through Saturdays (typically 60 hours per week).

39. From approximately March 1, 2025 until on or about September 16, 2026, Plaintiff Sanchez worked at Cascade Cafe from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Fridays and from approximately 6:00 a.m. until on or about 6:00 p.m. on Saturdays (typically 62 hours per week).

40. Throughout his employment, Defendants paid Plaintiff Sanchez his wages in cash.

41. From approximately December 2023 until on or about February 2025, Defendants paid Plaintiff Sanchez a fixed salary of $1,080.00 per week.

42. From approximately March 1, 2025 until on or about September 16, 2026, Defendants paid Plaintiff Sanchez a fixed salary of $1,240.00 per week.

43. Defendants never granted Plaintiff Sanchez any breaks or meal periods of any kind.

44. Plaintiff Sanchez was not required to keep track of his time, but he did enter his start and stop times on a piece of paper every day.

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not provide Plaintiff Sanchez an accurate statement of wages, as required by NYLL § 195(3).

47. Defendants did not give any notice to Plaintiff Sanchez, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

48. As a result of Defendants' failure to provide Plaintiff Sanchez with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

49. Defendants required Plaintiff Sanchez to purchase "tools of the trade" with his own funds—including four caps per year at Grab & Go Deli and two pairs of non-slip shoes at Cascade Cafe.

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez (and all similarly situated employees) to work without paying them appropriate spread of hours pay and overtime compensation as required by federal and state laws.

51. Plaintiff Sanchez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Plaintiff Sanchez was paid his wages in cash.

53. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

54. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sanchez (and similarly situated individuals) worked, and to avoid paying Plaintiff Sanchez properly for his full hours worked.

55. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

56. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sanchez and other similarly situated former workers.

57. Defendants failed to provide Plaintiff Sanchez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

58. Defendants failed to provide Plaintiff Sanchez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

59. As a result of Defendants' failure to provide Plaintiff Sanchez and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Sanchez and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

60. Plaintiff Sanchez brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

61. At all relevant times, Plaintiff Sanchez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime compensation, and willfully failing to keep records required by the FLSA.

62. The claims of Plaintiff Sanchez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

63. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

64. At all times relevant to this action, Defendants were Plaintiff Sanchez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Sanchez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

65. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

67. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Sanchez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68. Defendants' failure to pay Plaintiff Sanchez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Sanchez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

70. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

71. Defendants, in violation of N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*., 12 N.Y.C.R.R. § 146-1.4, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Sanchez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72. Defendants' failure to pay Plaintiff Sanchez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

73. Plaintiff Sanchez was damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

74. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants failed to pay Plaintiff Sanchez one additional hour's pay at the basic overtime rate before allowances for each day Plaintiff Sanchez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. § 146-1.6.

76. Defendants' failure to pay Plaintiff Sanchez an additional hour's pay for each day Plaintiff Sanchez's spread of hours exceeded ten hours was willful within the meaning of NYLL

§ 663.

77. Plaintiff Sanchez was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

78. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants failed to provide Plaintiff Sanchez with a written notice, in English and in Spanish (Plaintiff Sanchez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

80. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Sanchez, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

81. Defendants are liable to Plaintiff Sanchez in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

82. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

83. With each payment of wages, Defendants failed to provide Plaintiff Sanchez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

84. As a result of Defendants' failure to furnish accurate statements to Plaintiff Sanchez, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

85. Defendants are liable to Plaintiff Sanchez in the amount of $5,000, together with costs and attorneys' fees.

## <u>SIXTH CAUSE OF ACTION</u>

## RECOVERY OF EQUIPMENT COSTS

86. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants required Plaintiff Sanchez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

88. Plaintiff Sanchez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sanchez respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sanchez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Sanchez and the FLSA Class members;

(e) Awarding Plaintiff Sanchez and the FLSA Class members damages for the amount of unpaid overtime and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Sanchez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sanchez;

(h) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Sanchez;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Sanchez's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Sanchez;

(k) Awarding Plaintiff Sanchez damages for the amount of unpaid overtime and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(l) Awarding Plaintiff Sanchez damages for Defendants' violation of the NYLL timeliness, notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d);

(m) Awarding Plaintiff Sanchez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Sanchez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Sanchez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Sanchez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

October 21, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: */s/ Michael Faillace*

Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Michael@faillacelaw.com

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Jose Sanchez Lara
3820 Bailey Avenue, Apt. 5e, Bronx, 10463

Signature / Firma: Jose Sanchez

Legal Representative / Abogado: Michael Faillace & Associares, P.C.

Date / Fecha: October 8. 2026